IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Edgar Darrel Thomas, | Civil Action No. 3:17-cv-2882-CMC |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| The State of South Carolina, | |
| Defendant. | |

This matter is before the court on Plaintiff's complaint regarding his 2015 prosecution in Kershaw County Magistrate Court. ECF No. 1. Plaintiff entered a guilty plea for conditional discharge pursuant to South Carolina Code §44-53-450, pleading to simple possession of marijuana. ECF No. 1-1 at 5. Plaintiff failed to comply with his conditional discharge and was charged a fine of $1,047.51. *Id.* at 7. Plaintiff appealed to Kershaw County Court of Common Pleas, which affirmed the Magistrate Court.

Plaintiff now requests this court "declare[] the proceeding in the [state] magistrate court was a violation of Due Process," "clarify nullify [*sic*] that orders from the magistrate are invalid do [*sic*] to violation of Due Process," and "grant money judgment" to Plaintiff in the amount of three times the fine imposed by the state Magistrate Court. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On November 1, 2017, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without prejudice and without issuance and service of process. ECF No. 10. The Magistrate Judge advised Plaintiff of the procedures and

requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on November 17, 2017. ECF No. 12.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Plaintiff seeks a declaratory judgment his Due Process rights were violated and damages from the State of South Carolina based on his prosecution in the Kershaw County Magistrate Court. The Magistrate Judge construed this as a claim under 42 U.S.C. § 1983. ECF No. 10. Section 1983 "creates a remedy for violations of federal rights committed by persons acting under color of state law." *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 356 (1990). This court agrees with the Magistrate Judge this action is properly construed as brought under § 1983, and his claim for damages against the State of South Carolina would be barred by Eleventh Amendment Sovereign Immunity.[1]

---

[1] The court notes Plaintiff's claim for declaratory judgment asks this court to invalidate orders and proceedings by the South Carolina Magistrate Judge. The court's issuance of a declaratory judgment to that effect would necessarily imply the invalidity of Plaintiff's conviction in state court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Harvey v. Horan*, 278 F.3d 370, 375

2

In his objections, Plaintiff contends his complaint was "misconstrued" and is not a claim under § 1983. ECF No. 12. Plaintiff's Complaint states 18 U.S.C. § 241 and 242 give this court jurisdiction over this matter. However, those are criminal statutes, used to bring charges against an individual by the Federal Government. *See United States v. Price*, 383 U.S. 787, 784 n.7 (1966) (noting 42 U.S.C. § 1983 is the civil counterpart to § 242). Neither grants a federal court jurisdiction over a civil lawsuit such as this one. As explained above, Plaintiff's claim is properly construed as one against the State of South Carolina under § 1983, and a claim for damages under that section should be dismissed based on sovereign immunity. The court, nonetheless, assumes without deciding Plaintiff may be able to amend his Complaint to allege a cause of action for damages against a party amenable to suit under §1983, or to add facts or jurisdictional allegations sufficient to allege another cause of action amenable to suit in this court.

For the reasons above, the court adopts the Report as supplemented above, and dismisses this case without prejudice. To afford Plaintiff an opportunity to attempt to cure deficiencies in the existing Complaint, the court will delay entering judgment to give Plaintiff an opportunity to amend his Complaint. Plaintiff shall have until January 12, 2018 to file an Amended Complaint should he desire to do so. Failure to file an Amended Complaint will result in entry of judgment dismissing this action without prejudice.

---

(4th Cir. 2002) ("While *Heck* dealt with a § 1983 claim for damages, the Court did not limit its holding to such claims. And we see no reason why its rationale would not apply in a situation where a criminal defendant seeks injunctive relief that necessarily implies the invalidity of his conviction."), *partially abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011) (holding state prisoner may seek DNA testing of crime-scene evidence in § 1983 action).

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
December 14, 2017